| | |
|---|---|
| 1 | MCGREGOR W. SCOTT<br>United States Attorney |
| 2 | JULIE G. YAP<br>Assistant United States Attorney |
| 3 | Eastern District of California<br>501 I Street, Suite 10-100 |
| 4 | Sacramento, CA 95814-2322<br>Telephone: (916) 554-2798 |
| 5 | Facsimile: (916) 554-2900<br>Email: Julie.Yap@usdoj.gov |



**FILED**

SEP 24 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

Attorneys for the United States

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE<br>ADMINISTRATIVE INSPECTION OF:<br><br>KAISER PERMANENTE PHARMACY NO 266<br><br>DEA Reg. No,: FK1142621<br>1600 Eureka Road, MOB 2, Floor 1<br>Roseville, California 95661 | 2:19 SW 833 CKD<br><br>**APPLICATION FOR ADMINISTRATIVE INSPECTION WARRANT UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. § 880**<br><br>**Investigator: Brian Glaudel** |
|---|---|

**To: The United States Magistrate Judge, Eastern District of California**

The Controlled Substances Act, 21 U.S.C. §§ 801-904, (the "CSA") provides for government supervision of those individuals or entities engaged in manufacturing and distributing controlled substances ("registrants"). The CSA requires that a manufacturer or distributor of controlled substances be registered with the Drug Enforcement Administration (DEA). 21 U.S.C. § 822. There are both civil and criminal penalties for violations of the Act. 21 U.S.C. §§ 825-865.

To ensure compliance with the CSA and its implementing regulations, the DEA is authorized to conduct inspections of a registrant's premises. 21 U.S.C. § 880. Specifically, the CSA authorizes the DEA to conduct administrative inspections to: (1) inspect records, reports, and other documents required to be kept or made under the Act; and (2) inspect the controlled premises, all pertinent equipment, drugs, and other substances or materials, containers, and labeling found therein (including records, files, papers, processes, controls and facilities) appropriate for verification of the records,

APPLICATION FOR ADMINISTRATIVE INSPECTION
WARRANT UNDER THE CONTROL SUBSTANCES ACT    1

reports and documents, or otherwise bearing on the provisions of the Act, and (3) inventory the stock of any controlled substance and obtain samples of such substances. 21 U.S.C. § 880(b)(3). "The statutory scheme envisioned by the Act is one of control through record keeping." United States v. Greenberg, 334 F. Supp. 364, 366 (W.D. PA 1971). "Any person who desires to shoulder the responsibility of engaging in the manufacture or distribution of these products ... [is subject] to the regulatory system laid down by the 1970 Act." Id. at 367.

Upon a showing of probable cause, a United States District Judge or United States Magistrate Judge may issue a warrant for the purpose of conducting an administrative inspection. 21 U.S.C. § 880(d). "Probable cause" is defined by the CSA as "a valid public interest in the effective enforcement of [the Act]." 21 U.S.C. § 880(d)(1). "Probable cause" in the traditional criminal law sense is not required to support the issuance of an administrative warrant. Marshall v. Barlow's Inc., 436 U.S. 307, 320 (1978). Rather, the fact that a registrant has never been inspected to ensure compliance with compulsory record-keeping requirements alone justifies an administrative warrant. United States v. Prendergast, 585 F. 2d 69, 70 (3rd Cir. 1978) (citing United States v. Goldfine, 538 F. 2d 815, 818-819 (9th Cir. 1976)). The subject registrant has never been inspected by DEA, via an administrative inspection warrant or any other means pursuant to 21 U.S.C. § 880 and 21 C.F.R. 1316.09(a)(4)(i). See attached Affidavit ¶ 5.

Brian Glaudel, Diversion Investigator, United States Drug Enforcement Administration stationed in the Sacramento, California District Office, Tactical Diversion Squad, (the "Affiant") hereby applies for an Administrative Inspection Warrant pursuant to the Controlled Substances Act, 21 U.S.C.§ 880(d), for the inspection and search of the following controlled premises:

Kaiser Permanente Pharmacy No 266
DEA Reg. No.: FK1142621
1600 Eureka Road, MOB 2, FLOOR 1
Roseville, CA 95661

In accordance with 21 U.S.C. § 880(a)(3), the Affiant requests that the warrant authorize the Affiant's inspection and copying of records, reports, and other documents required to be kept or made under the Act. Affiant requests authorization to seize these records, reports, and other documents, if necessary, for the purpose of copying. See 21 C.F.R. § 1316.11. Further, although the Act does not explicitly provide

for copying of items listed under 21 U.S.C. § 880(b)(3)(B),[1] Affiant requests authorization to copy, and seize if necessary for the purpose of copying, such items in order to appropriately verify compliance with the record keeping requirements mandated by the Act. Authority to copy the subject records will allow DEA to more quickly, efficiently, and thoroughly inspect the registered premises and will minimize disruption of the business.

This Application for an Administrative Inspection Warrant is based upon the attached Affidavit.

Dated: September 16, 2019

_____
Brian Glaudel
Diversion Investigator
Drug Enforcement Administration

Approved as to form:

_____
Assistant United States Attorney

---

[1] The Act provides for the inspection of items such as records, files and papers, the maintenance of which is not required under the Act, but which is appropriate for the verification of the requirements of the Act. 21 U.S.C.§ 880(b)(3)(B). The Act does not specifically provide for the copying of such items. Id.

| | |
|---|---|
| 1 | MCGREGOR W. SCOTT |
|   | United States Attorney |
| 2 | JULIE G. YAP |
|   | Assistant United States Attorney |
| 3 | Eastern District of California |
|   | 501 I Street, Suite 10-100 |
| 4 | Sacramento, CA 95814-2322 |
|   | Telephone: (916) 554-2798 |
| 5 | Facsimile: (916) 554-2900 |
|   | Email: Julie.Yap@usdoj.gov |
| 6 | |
| 7 | Attorneys for the United States |

### IN THE UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE ADMINISTRATIVE INSPECTION OF: | **AFFIDAVIT FOR APPLICATION FOR ADMINISTRATIVE INSPECTION WARRANT UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. § 880** |
| KAISER PERMANENTE PHARMACY NO 266 | |
| DEA Reg. No,: FK1142621 | **Investigator: Brian Glaudel** |
| 1600 Eureka Road, MOB 2, Floor 1 | |
| Roseville, California 95661 | |

I, Brian Glaudel, being duly sworn, depose and state the following:

I am a Diversion Investigator with the Drug Enforcement Administration (DEA) and have been employed as such for over twenty years. I am assigned to the Sacramento District Office (SDO), Tactical Diversion Squad (TDS) and have been in the TDS since 2014.

I have received extensive specialized training, and developed experience in the manufacturing, distribution and dispensation of pharmaceutical controlled substances, and the corresponding records and inventories that are required to be kept pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970 (Public Law 91-513). I have also received extensive experience in the investigation of diversion of pharmaceutical controlled substances and listed chemicals from legitimate channels for illegitimate uses as noted under Title 21 of the Code of Federal Regulations. Since 1998, I have been involved in excess of 300 investigations involving investigations of violation of the Controlled Substances Act. I have also participated in the preparation and execution of numerous search warrants

APPLICATION FOR ADMINISTRATIVE INSPECTION
WARRANT UNDER THE CONTROL SUBSTANCES ACT     1

and Administrative Inspection Warrants. Therefore, I am familiar with the manner in which pharmaceutical controlled substances are imported and distributed, the method of payment for such substances, and the records required to be kept in documenting these transactions.

This affidavit is submitted in support of the issuance of an administrative inspection warrant for the premises located at 1600 Eureka Road, MOB 2, Floor 1, Roseville, California 95661. I have verified and have knowledge of the facts in this affidavit, and that they are true and accurate to the best of my knowledge.

### Statutory Authority for Administrative Inspection Warrants

1. Pursuant to 21 U.S.C. §§ 878(a)(2), 880(b)(1), (2), and (3), and 28 CFR § 3, Appendix to Subpart R, I am authorized to execute administrative inspection warrants for the purpose of inspecting controlled premises of persons and firms registered under the CSA. 21 U.S.C. § 801 *et seq.* The purpose of such examination is to inspect, copy and verify the correctness of all records, reports and other documents required to be kept or made under 21 U.S.C. § 827 and 21 CFR Parts 1304 and 1311.

2. Specifically, 21 U.S.C. § 880(b)(3) authorizes the DEA to conduct administrative inspections to: (1) inspect and copy records, reports, and other documents required to be kept or made under the Act; (2) inspect, within reasonable limits and in a reasonable manner, the controlled premises, all pertinent equipment, finished and unfinished drugs, listed chemicals, and other substances or materials, containers, and labeling found therein (including records, files, papers, processes, controls and facilities) appropriate for verification of the records, reports and documents required to be kept under the CSA, or otherwise bearing on the provisions of the Act; and (3) inventory the stock of any controlled substance or listed chemical and obtain samples of any such substance or chemical.

3. 21 U.S.C. § 880(d) governs the issuance of administrative inspection warrants and requires that such warrants be issued by a judge or magistrate and upon a showing of "probable cause." Section 880(d)(1) defines the term "probable cause" to mean a valid public interest in the effective enforcement of the CSA sufficient to justify administrative inspections of the area, premises, building, or conveyance, or contents thereof, in the circumstances specified in the application for the warrant.[1]

---

[1] Courts have found that a "valid public interest" exists where the DEA is merely trying to

Here, a valid public interest in inspecting the registered location exists for the reasons set forth below.

## Administrative Inspection Warrant to Inspect

## KAISER PERMANENTE PHARMACY NO 266

4. KAISER PERMANENTE PHARMACY NO 266 ("KAISER") is a Pharmacy registered with the DEA (DEA Registration No. FK1142621) under the provisions of the CSA, 21 U.S.C. § 823, as a retail pharmacy and is authorized to handle Schedule II, IIN, III, IIIN, IV and V controlled substances. The DEA registered address of KAISER is 1600 Eureka Road, MOB 2, Floor 1, Roseville, California 95661. Accordingly, this place of business constitutes a "controlled premises" within the meaning of 21 U.S.C. § 880(a) and 21 C.F.R. §§ 1316.02(c)(1) and (2).

5. I have examined the files and records of the DEA and have determined that KAISER became registered with the DEA on November 5, 2008. KAISER's registered location has never been inspected by the DEA via an administrative inspection warrant or any other means pursuant to 21 U.S.C § 880 and 21 CFR 1316.09(a)(4)(i). As such, there is a valid public interest in the proposed administrative inspection because it will allow DEA to proceed with the effective enforcement of the CSA and its implementing regulations.

6. I have further reviewed DEA databases and determined that KAISER in Roseville, California, is the highest purchaser of hydrocodone products within DEA's San Francisco Field Division, with nearly 1.3 million dosage units purchased to date in 2019, which is approximately 250,000 dosage units more than the second highest purchaser. KAISER is also the third highest purchaser of oxycodone products within the same region and time frame.

7. I have reviewed the California Department of Justice - Bureau of Criminal Identification & Investigative Services Controlled Substance Utilization Review & Evaluation System ("CURES"), a database operated by the State of California. The CURES program requires that all dispensations of

---

ensure compliance with the record keeping requirements of the Controlled Substances Act. *See United States v. Goldfine*, 538 F.2d 815, 819 (9th Cir. 1976). For example, it is entirely proper to conduct an inspection of a particular premise simply because a substantial period of time has passed since the last inspection. *See United States v. Greenberg*, 334 F.Supp. 364, 367 (W.D. Pa. 1971); *United States v. Prendergast*, 436 F. Supp. 931, 932 (W.D. Pa. 1977) (probable cause under 21 U.S.C. § 880(d)(1) satisfied where no inspection of the registrant had ever been made previously). Suspicious actions by a registrant are also sufficient to establish a valid public interest. *Id.* Evidence of the commission of some violation of the Act is not necessary. *Id.*

1  Schedule II through IV controlled substances be reported by pharmacies or dispensing physicians to the
2  CURES program database. Law enforcement can request prescription reports from the CURES
3  program which will identify all reported prescriptions issued by registrants and received by patients.
4      8.   According to CURES, KAISER's dispensing records revealed patterns that I recognized,
5  based upon my training and experience, as potential red flags for diversion including, among other
6  things, the filling of prescriptions for high dosages of controlled substance opioid painkillers for
7  multiple patients for an extended period of time.
8      9.   To ensure that controlled substances are dispensed only for legitimate and proper
9  purposes, the CSA regulates how prescriptions are issued by physicians and filled by pharmacies and
10 pharmacists. The responsibility for the proper prescribing and dispensing of controlled substances rests
11 upon the prescribing practitioner.[2] 21 C.F.R. § 1306.04(a). To be "effective," a prescription must be
12 "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his
13 professional practice." 21 C.F.R. § 1306.04(a). An order purporting to be a prescription issued not in
14 the usual course of professional treatment or in legitimate and authorized research is not a prescription
15 within the meaning and intent of the CSA. *Id.* In addition to the prescribing practitioner, a pharmacy
16 has a corresponding responsibility under 21 C.F.R. § 1306.04(a) to ensure a legitimate medical purpose
17 for any controlled substance prescription.
18     10.  Based on the aforementioned facts, I believe the requested administrative warrant for
19 inspection is necessary to verify the legitimacy of the controlled substance prescriptions being filled by
20 KAISER pursuant to its DEA registration, and to ensure that KAISER is compliant with DEA
21 regulations. An administrative warrant will permit DEA to review KAISER's records, files and papers,
22 processes, controls and facilities appropriate for the verification of CSA compliance, such as written
23 and electronic correspondence regarding maintenance of dispensing records, communications related to

---

[2] Under the CSA, the term "dispense" means "to deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery." 21 U.S.C. § 802(10). The term "dispenser" means "a practitioner who so delivers a controlled substance to an ultimate user or research subject." *Id.*

APPLICATION FOR ADMINISTRATIVE INSPECTION
WARRANT UNDER THE CONTROL SUBSTANCES ACT      4

KAISER's compliance with the CSA, written policies, procedures and training regarding maintenance of records.

11. Pursuant to 21 U.S.C. § 880(b)(3)(A)-(C) and 21 C.F.R. § 1316.03, the requested warrant will extend to: (1) the inspection and copying of inventories, records, reports, order forms, invoices, and other documents required to be kept under the CSA; (2) the inspection and copying of prescriptions and records of dispensation; and (3) the inspection and copying of any and all KAISER records, files, papers, processes, controls, and facilities appropriate for verification of the records, reports, documents, referred to above or otherwise bearing on the provisions of the CSA; (4) prescription records for patients; (5) opioid contract patient list; (6) opioid color-calendar patient list; (7) list of high morphine equivalent dose (MED) patients; (8) list of refill authorization request (RAR) patients; (9) standard operating procedures (SOP) for controlled substance handling/dispensing; (10) list of employees with access to controlled substances; (11) controlled substance dispensing logs.

12. Pursuant to 21 U.S.C. § 880(b)(3)(A)-(B) and 21 C.F.R. § 1316.03, the inspection of KAISER's registered location includes the authority to copy computer records or other electronically stored information involving the verification of records, reports and documents required to be kept under the CSA. The inspection will also extend to computerized records of controlled substances inventories, stocks, and dispensation records.

13. Any records reviewed, seized, and or copied will be kept confidential and maintained to ensure patient privacy.

14. The inspection will be conducted within regular business hours. The Investigator's credentials will be presented to the registrant as prescribed in 21 U.S.C. § 880. The inspection will begin as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness.

15. Authority to copy, and seize if necessary for the purpose of copying, the items listed under 21 U.S.C. §§ 880(b)(3) will allow DEA to more quickly, efficiently, and thoroughly inspect the registered premises, and will minimize disruption of the business.

16. I will be accompanied by one or more Diversion Investigators or DEA Special Agents, who are employees of the DEA and authorized by the Attorney General to conduct administrative

inspections. KAISER will be provided with a written inventory of any records removed for the purpose of copying.

17. A return to this Court upon completion of the inspection, along with a written inventory of any documents or records removed for the purpose of copying, will be made within ten (10) days of the issuance of the warrant.

Executed on September 16, 2019, at Sacramento, California.

Dated: September 16, 2019

_____
Brian Glaudel
Diversion Investigator
Drug Enforcement Administration

Approved as to form:

_____
Assistant United States Attorney

Sworn to before me and subscribed
In Sacramento, California
On this 16th day of September, 2019

_____
Honorable Carolyn K. Delaney
United States Magistrate Judge
United States District Court
For the Eastern District of California